,Rex, J.
It is claimed by the defendant in error that *482 the justice of the peace erred in proceeding, after finding that the right to the possession of the property was in the defendant, to assess his damages, without the intervention of a jury. "We do not think so.
The justices’ code contains no limitation on the power of a justice to hear and determine any civil action, to which his jurisdiction extends, in which a trial by jury is not demanded.
The suit in replevin is a civil action, and is therefore subject to the same rules as other civil action's before a justice; and secs. 147 and 148 of the justice’s code are only applicable where a trial by a jury is demanded.
Under the code of civil procedure, all issues of fact, arising in actions for the recovery of money, or of specific real or personal property, are triable by a jury, and must be so tried, unless the trial by jury is waived, or a reference is ordered, as provided in the code ; whilst, under the justices’ code, all actions within the jurisdiction of the justice are triable by him, unless a trial by jury is demanded; and, hence, the principles- laid down by this court, in Wolf v. Meyer, 12 Ohio St. 432, are not applicable to the action of replevin before a justice of the peace.
It is also claimed that the justice erred in assessing the defendant’s damages at the full value of the property, as returned by the appraisers.
"We see no error in this. It can not be assumed, as a matter of law, that, because the right of possession only is found in the defendant, the whole value of the property is not the proper measure of his damages. Eor instance, if the property is held by an officer under an execution, and the amount of the execution is greater than the value of the property, his damages would be the full value of the property.
The transcript of the proceedings before the justice shows that the parties were present at the trial; that witnesses were examined and record evidence submitted; but it does not appear that a trial by jury was demanded l^y either of the parties. In the absence of any showing to *483 the contrary, by exception or otherwise, on the record, it will be presumed that such trial was not demanded.
We are therefore of opinion that the justice of the peace did not err, either in proceeding to hear and determine, the cause without the intervention of a jury, or in assessing the value of the property as the measure of the ■defendant’s damages.
The motion is granted, the judgment of the District Court reversed, and that of the Court of Common Pleas affirmed.
Welch, C. J., White, Gtlmore, and McIlvaine, JJ., concurred.